[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: September 14, 1994 Date of Application: September 14, 1994 Date Application Filed: September 25, 1994 Date of Decision: October 24, 2000
Application for review of sentence imposed by the Superior Court, Judicial District of Stamford/Norwalk at Stamford. Docket Number CR1-100800.
Philip Russell, Defense Counsel, for Petitioner. CT Page 13872
James Bernardi, Assistant State's Attorney, for the State.
Sentence Affirmed.
 BY THE DIVISION
The petitioner, then 26 years of age, was convicted following a jury trial of conspiracy to commit murder (§§ 53a-48 and 53a-54a) and attempted murder (§§ 53a-49 and 53a-54a). He received the maximum penalties of twenty years on each count to run consecutively, for a total effective sentence of forty years.
The factual findings for this conviction as reported in State v.McDougal, 241 Conn. 502 (1997) are as follows:
 In July, 1993, Ruffin was locked in a territorial dispute over drug selling at the Southfieid Village housing project in Stamford with a group known as the "Jamaicans." On July 3, 1993, Ruffin's girlfriend, Toneria Dix, had a fight with Teresa McCullen at Southfield Village. During the fight, two "Jamaican" males held Dix while McCullen sprayed her with mace.
 When Dix and her friend, Nancy Thompson, reported this to Ruffin at Ludlow Street that afternoon, he immediately organized and led an armed assault on the "Jamaicans" at Southfield Village. Ruffin was armed with an AR-IS assault rifle and his five companions, including McDougal, were armed with handguns. Dix and Thompson traveled with Ruffin and McDougal to Southfield Village in one automobile, and the others traveled in another automobile. When Ruffin's followers spotted the "Jamaicans" and McCullen in the Southfield Village courtyard, they opened fire.
 At the time, there were approximately seventy people in the courtyard, including seven year old Jasmine Merced, who was attending a birthday party with about fifteen other children. In the midst of eating cake CT Page 13873 and ice cream, Jasmine Merced was shot and killed in the presence of her mother.
The petitioner's record includes convictions for sale of narcotics and possession with intent to sell with sentences of five years execution suspended after two years (1988) and three years imposed in 1989.
In asking for a reduction in his sentence counsel points to co-defendants who received varying sentences ranging from three years to twenty years to serve. The state's attorney, however, stated that a co-defendant, Marcellus Ruffin also received a forty year sentence following a jury trial. (The same judge sentenced both Marcellus and John Ruffin). We are aware that Marcellus Ruffin was convicted of manslaughter as well as attempted murder and conspiracy to commit murder.
Counsel further argues that this case generated a great deal of publicity and that the sentencing Court would have found it difficult to consider the appropriate sentence dispassionately and objectively because of the atmosphere of public fear then prevailing.
The petitioner stated that he now recognizes he carries culpability for the killing of the child which he did not accept at the time.
It is axiomatic that one of the purposes for the imposition of a sentence is denunciatory (Practice Book § 43-28). Stated another way, a sentence is, in part, intended to express the community's condemnation of particularly egregious or heinous conduct.
This was an especially outrageous crime — a violent shootout with assault rifles and handguns where little innocent children were at play.
Reviewing this sentence dispassionately and coolly, away from the passions of the moment, and pursuant to the provisions of Practice Book § 43-28, there is no valid reason to reduce it. The nature of the offense is callous and with the most tragic consequences. The offender's character has been alluded to and he was not of good character. The deterrent, isolative and denunciatory purposes outweigh any rehabilitative considerations in view of the offense and Mr. Ruffin's background.
The sentence is not inappropriate or disproportionate and it is affirmed.
KLACZAK, J.
MIANO, J. CT Page 13874
IANNOTTI, J.
Klaczak, Miano and Iannotti, J.s, participated in this decision.